IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORRIS ANDERSON, Jr., | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MOUNTAIN PROGRESSIVE INS., | : | CIVIL ACTION NO. |
| Defendant. | : | 1:24-CV-1879-LMM-JEM |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Norris Anderson, Jr., confined in the Broward County Jail in Fort Lauderdale, Florida, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court granted Plaintiff's request for leave to proceed *in forma pauperis*. (Doc. 3.) The case is before the Court for an initial screening under 28 U.S.C. § 1915A. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**I.    DISCUSSION**

The complaint required Plaintiff to describe each previous federal lawsuit that he filed while incarcerated. (Doc. 1 at 1-2.) Plaintiff disclosed the following lawsuit: *Anderson v. Catchen*, No. 1:23-CV-3982-LMM (N.D. Ga. filed Sept. 5, 2023). (*Id.*) Plaintiff declared under penalty of perjury that the information in the complaint was true and correct as of the execution date, which was April 20, 2024. (*Id.* at 6.) However, Plaintiff failed to disclose that he filed the following 11 additional previous federal lawsuits while incarcerated:

*Anderson v. McDonough*, No. 5:23-CV-448-TES-CHW (M.D. Ga. filed Nov. 7, 2023);

*Anderson v. Massey*, No. 5:19-CV-500-MTT-CHW (M.D. Ga. filed Dec. 16, 2019);

*Anderson v. Howard*, No. 1:19-CV-5622-LMM (N.D. Ga. filed Dec. 13, 2019);

*Anderson v. Pelham Ga. Jail*, No. 1:09-CV-88-WLS-RLH (M.D. Ga. filed May 29, 2009);

*Anderson v. Fulton Cnty. Bd. of Comm'rs*, No. 1:09-CV-940-BBM (N.D. Ga. filed Apr. 8, 2009);

*Anderson v. Fulton Cnty. Jail*, No. 1:07-CV-1607-BBM (N.D. Ga. filed July 9, 2007);

*Anderson v. Cornell Cos., Inc.*, No. 5:06-CV-90-WTM-JEG (S.D. Ga. filed Oct. 18, 2006);

*Anderson v. Ga. St. Pardons & Parole Bd.*, No. 05-11603-F (11th Cir. filed Mar. 21, 2005);

*Anderson v. Ga. St. Pardons & Parole Bd.*, No. 1:03-CV-1154-JOF (N.D. Ga. filed Apr. 25, 2003);

*Anderson v. Ray*, No. 1:01-CV-2520-JOF (N.D. Ga. filed Sept. 20, 2001);

*Anderson v. Snow*, No. 1:86-CV-2713-GET (N.D. Ga. filed Dec. 19, 1986).

The United States Court of Appeals for the Eleventh Circuit has determined that a district court has discretion to dismiss a plaintiff's *pro se* complaint based upon a misrepresentation of his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (per curiam).

> Under 28 U.S.C. § 1915, [a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal. . . . In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. . . . Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules.

2

*Id.* (citations and internal quotation marks omitted). "[D]ismissal of an action without prejudice as a sanction for . . . failure to disclose the existence of a prior lawsuit, where [the *pro se* plaintiff] was under penalty of perjury, [is] proper." *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (per curiam). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Id.*; *see also Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (per curiam).

In the present case, Plaintiff failed to disclose 11 previous federal lawsuits that he filed while incarcerated. Plaintiff's misrepresentation of his litigation history is an abuse of the judicial process and warrants the sanction of dismissal without prejudice. If Plaintiff seeks leave to amend his complaint to disclose his litigation history properly, the undersigned recommends that such leave be denied. The Eleventh Circuit has stated the following:

> While we have not expressly addressed the interaction of a timely Rule 15(a) motion to amend before an answer and a sanctions dismissal based on failure to disclose a prior lawsuit, permitting [a plaintiff] to amend his complaint arguably would have circumvented the district court's ability to manage its docket by sanctioning [a plaintiff's] failure to disclose his prior lawsuit history.

*Cole v. Rich*, 626 F. App'x 220, 223 (11th Cir. 2015) (per curiam). The Eleventh Circuit has also stated that "to allow [a plaintiff] to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam).

Because the complaint concerns events that began on September 14, 2022, Plaintiff may recommence the case within the two-year statute of limitations that applies to § 1983 actions in Georgia. *See Combs v. Nelson*, 419 F. App'x 884, 886 (11th Cir. 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). Therefore, Plaintiff faces no "plain prejudice other than the mere prospect of a second lawsuit." *Jackson*, 491 F. App'x at 132. Accordingly, this action should be dismissed without prejudice.

## II. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's abuse of the judicial process.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 15th day of May, 2024.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE