In The United States District Court
For The Northern District of Georgia
Atlanta Division

Norris Anderson Jr
Plaintiff
v.                                  Civil Action 1:24-CV-1879
Mountain Progressive Ins.
Defendant

## Objection to Final Report And Recommendation

Comes Now the above Named Plaintiff and bring his Objection to the Final Report and Recommendation of the Magistrate Judge enter on May 15, 2024 in which Plaintiff received this report on May 25, 2024, 10 days after the report was signed by Judge J.E. McBath.

## Objection

1. Discussion

The Plaintiff is pro.se, and is to be held to a less stringent standard than pleadings drafted by an attorney. Plaintiff is confined in the Broward County jail in Fort Lauderdale Florida where he does not have the use of a law library, computer to do any research of his own, but has to depend on staff to look up cases and law, once a week. And it takes approximately 10 days are more for plaintiff to receive mail from this court.

## Errors

   (1) The complaint does not state,

, the plaintiff "must disclose his entire litigation history" as suggested by the Magistrate on pg. 2 of 4 Report. However, the vague statement of the complaint understood by plaintiff as a layman, suggested to him, that he only had to disclose the existence of "a prior,"[meaning one] lawsuit, see Jackson-v-Fla. Dep't of Corr, 491 F. App x 129, 132 (11th Cir. 2012) Plaintiff disclosed the only lawsuit he thought he had to, see pg. 1 of 4. Once again, plaintiff is to be held at a less stringent standard than pleadings drafted by attorneys. Althought the 11th Circuit determined that a district court has discretion to dismiss a plaintiff's pro. se. complaint based upon a misrepresentation of his litigation history, there is no evidence that plaintiff misrepresented his litigation history, but where the complaint asked plaintiff if he had filed any previous lawsuit while incarcerated, plaintiff answered, Yes! And afterward disclosed the only case he felt the complaint was asking of him. The Magistrate abused its discretion in dismissing plaintiff complaint.

(2) The Magistrate erred in suggesting that plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal, and that a district court may impose sanctions if a party "Knowingly files a pleading that contains false

contentions. Such is not the case with plaintiff. There is no finding that plaintiff engaged in bad faith litigiousness or manipulative tactics that warrants a dismissal. Plaintiff answered the question of the complaint as to if he had filed previous Federal lawsuit while incarcerated as yes. This allow the court to know that plaintiff was being honest about filing previous lawsuits. The "language" of the complaint's further questioning did not, to the plaintiff understanding as a layman, suggest that he supply the court with the entire history of previous lawsuits he has filed, but the suggestion of complaint questioning was understood by plaintiff was to give information about "a prior" (which is sigular), lawsuit and plaintiff did disclose "a prior" lawsuit. For the Magistrate to now say that plaintiff failed to disclose additional previous lawsuit outside of the one he did disclose, pg. 1 of 4, provides plaintiff to face plain prejudice other than the mere prospect of a second lawsuit, see Jackson 419 F. App'x at 132. That plain prejudice consist of plaintiff being forced to pay for a complaint that has been dismissed without evidence that plaintiff has provided a misrepresentation of his litigation history, nor is there any evidence that plaintiff has, under 28 U.S.C. 1915, engaged in bad faith litigiousness or manipulative tactics. See Jenkins-v- Hutcheson, 708 F. App'x

647, 648 (11th Cir. 2018). Plaintiff satisfied the ruling in Jackson-v-Fla. Dep't of Corr, 491 F. App'x 129, 132 (11th Cir. 2012), that a pro.se plaintiff must disclose the existence of "a prior" lawsuit, pg. 1 of 4. The Magistrate whole ideal is that plaintiff, out of 12 previous lawsuits only disclose one, and that this is somehow a misrepresentation of his litigation history and an abuse of the judicial process and warrants the sanction of dismissal, absent any "language" in the complaint regarding this as a procedural rule to disclose his "entire prior lawsuit history". This court should deny the Report and Recommend

## Conclusion

For the reason stated within and above this court should deny the Magistrate Report and Recommendation in the face of the plain prejudice it supplies and grant plaintiff Complaint to proceed.

## Verification

Plaintiff verifies that all the above and within is true and correct under penalty of perjury, this 26 day of May 2024

Norris Anderson Jr
522400010 Contee B-1-206
P.O. Box 407016
Ft. Lauderdale, Fla. 33340

## Certificate of Service

Plaintiff certify that he has served the original Objection on the Clerk of Court and respectfully ask the Clerk to send him back a copy, stamped and filed. This 26 day of May 2024  Norris Anderson Jr

4.

Norris Anderson Jr.
522400010 Contee B-1-206
P.O. Box 407016
Ft. Lauderdale, Fla. 33340



MIAMI FL 330
28 MAY 2024 PM 6 L

Legal mail
5/27/24

CLEARED DATE
MAY 3 1 2024
U.S. Marshals Service
Atlanta, GA 30303

Clerk of the District Court
2211 Federal Courthouse
75 Ted Turner Dr.
Atlanta, Ga. 30303

30303-330881

Go, and accomplish all in Jesus Christ name!!!

Inspected by Dep. Perkins

This letter originates from a Broward County Jail Facility. Inmate mail is uncensored and the Sheriff cannot assume responsibility for its contents