IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORRIS ANDERSON, JR., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:24-CV-1879-LMM |
| MOUNTAIN PROGRESSIVE INS., | |
| Defendant. | |

## ORDER

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 4], in which Magistrate Judge J. Elizabeth McBath recommends that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B) as abusive. Plaintiff Norris Anderson, Jr., has filed objections to the R&R, [Doc. 6], as well as a motion to amend the complaint, [Doc. 7].

**I. Background and Legal Standard**

Plaintiff, who was an inmate at the Broward County Jail but now appears to be a resident at a rehabilitation center in Fort Lauderdale, Florida, filed the instant 28 U.S.C. § 1332 diversity action against a Georgia insurance company, complaining that the company had failed to cover his medical and related costs after Plaintiff had been injured in a hit-and-run by the company's insured. The

Magistrate Judge noted that Plaintiff had used this Court's prisoner complaint form to draft his complaint. That form requires prisoner-plaintiffs to state whether they have filed prior lawsuits in federal court while incarcerated and to provide descriptions of each of the suits filed. *See* [Doc. 1 at 1]. On his complaint form, Plaintiff reported that he had filed one prior complaint in federal courts when, in fact, he had filed twelve. [Doc. 4 at 1-2 (listing cases)]. It is a clear abuse of the judicial process for a prisoner-litigant to misrepresent his litigation history, and dismissal of an action without prejudice is a proper sanction for such abuse. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming dismissal of prisoner case for misrepresenting litigation history and noting that a dismissal for abuse of the judicial process qualifies as a "frivolous" or "malicious" activity that Congress sought to curtail in enacting the Prison Litigation Reform Act) abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

     A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II. Discussion

In his objections Plaintiff does not dispute that he did not provide a complete litigation history on his complaint form, but he contends that the complaint form is not clear, and he did not know that he was required to list all of his cases. However, the complaint form clearly states that, if the prisoner has filed previous federal suits, he must

> describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline. Even if you do not know all of the information regarding a particular lawsuit, please include the information you do know to assist the Court in identifying your prior lawsuits.)

[Doc. 1 at 1]. Given the foregoing, it is abundantly clear that Plaintiff understood that the form required him to list all his prior federal cases filed while a prisoner or at least make a good faith effort to describe those cases to the best of his ability. Plaintiff did not follow that instruction, and he signed his complained under penalty of perjury. This Court thus finds that Plaintiff has not shown a reasonable basis for his failure to comply with the requirements of the complaint form, and his attestation that he had filed only one prior suit in federal court is abusive. Further, the Court will not permit Plaintiff to cure his failure to provide a proper accounting of his past federal litigation by amending his complaint because allowing a plaintiff to later "acknowledge what he should have disclosed

3

earlier would serve to overlook his abuse of the judicial process." Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006). The Eleventh Circuit has determined that dismissal without prejudice is a proper sanction for failing to disclose prior federal case history because the plaintiff will not suffer prejudice "beyond the mere prospect of having to re-file the lawsuit." Jenkins v. Hutcheson, 708 F. App'x 647, 648 (11th Cir. 2018).[1] The Court should not ignore Plaintiff's "lack of candor" as that would allow "his dishonest and untruthful behavior [to] go undeterred." Stone v. Dewey, No. 1:10-CV-00159-MP-GRJ, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011).

**III. Conclusion**

Accordingly, the Court agrees with the Magistrate Judge that this matter should be dismissed, and the R&R, [Doc. 4], is hereby **ADOPTED** as the order of the Court. The instant action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(b) for Plaintiff's judicial abuse. Plaintiff's motion to amend, [Doc. 7], is, for the reasons stated above, **DENIED**. The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED** this 17th day of July, 2024.

_____
**Leigh Martin May**
**United States District Judge**

---

[1] Plaintiff's contention that he will have to pay another filing fee is disingenuous at best because the Clerk has not received any partial payments under 28 U.S.C. § 1915(b), see [Doc. 3], and, as he is no longer incarcerated at the jail, the sheriff no longer has access to his funds to make such payments.